ESTATE OF CAROLINE H. FISHER, DECEASED.

[No. 3,000; decided December 23, 1884; January 8, 1886.]

Executors—Duty to Collect Assets.—It is not only the duty of an executor to seek to recover assets of the estate, but should he forbear the endeavor he would be liable as for malfeasance or nonfeasance.

Executors—Good Faith in Bringing Action.—Where a suit brought by an executor presented issues of a "serious" and "difficult" character, and occupied many days in trial, a nonsuit being refused, it must have afforded grounds to the executor's judgment in its institution and prosecution.

Executors—Right to Counsel.—An executor, acting in good faith, is entitled to aid of counsel in all litgation concerning the estate.

Executors—Allowance for Counsel Fees.—It being an executor's duty to defend or prosecute for the estate in all matters where in good faith he believes it necessary, he should be reimbursed though the suit be lost.

An "Exhibit and Account" Presented by an Executor does not Operate as an Estoppel upon the hearing and settlement of a subsequent account by him; the items of the first account are impeachable, and the settlement of such account does not impart a dignity not inherently belonging to the account.

Accounts.—Where an "Exhibit" and "Account" Presented by an Executor was merely "experimental," to raise certain questions as to previous acts of the administration, the executor will, under instructions as to his rights, be ordered to render another account, which shall have the quality of finality.

Counsel Fees.—There is no Authority in the Probate Court to allow an attorney appointed by the court under section 1718, Code of Civil Procedure, compensation for services performed in a suit brought by the executor. The attorney's remuneration must be restricted to proceedings before the court of administration.

This was an application for the settlement of an account filed by executor, Selden S. Wright. A contest was filed on the part of Estelle L. Dudley, a daughter of testatrix, and also a grantee under a certain deed made by testatrix shortly before her death, which deed was the subject matter of the suit brought by the executor, referred to in the opinion of the court. The contest was raised respecting the expenses of this suit, and presented the question of the executor's duty to bring the suit, and his good faith in the matter.

Under the first opinion of the court (December 23, 1884), a new accounting by the executor was directed, and, upon the presentation of this second account, the questions discussed in the first opinion were again raised and reargued; and the question as to the right of an attorney appointed by the court in a probate proceeding to have compensation for services in connection with matters not taking place in and before the court of administration was more particularly presented. The second opinion of the court (of January 8, 1886), rendered upon this new accounting, reconsidered all the questions raised on the first account, and reiterated the former decision; therefore, only that part of the second opinion is given which especially considers the question of the right of compensation of the attorney appointed by the court. The suit referred to in the opinion of the court was a civil action begun and tried in department No. 5 of the same court.

M. G. Cobb and Geo. T. Wright, for the executor.

E. J. McCutchen, for minor heir.

Daniel Titus and James C. Cary, for contestant.

COFFEY, J. Counsel must be content with a summary of conclusions of the court, as I have no leisure to extend the reasoning, although I have well considered the case and the arguments.

1. The duty of the executor:

It was not only the duty of the executor to seek to recover assets of the estate, but had he forborne such endeavor, he would have been liable as for malfeasance or nonfeasance: Code Civ. Proc., title 11 (of part 3), c. 8, Powers and Duties of Executors, etc.; secs. 1581 et seq.; c. 10, Accounts, etc.; art. 1, secs. 1616 et seq.

The discussion as to the bona fides of the suit against the Dudleys seems to be concluded by the opinion or "decision" of Judge Hunt in Wright v. Dudley, which says: "While the proceedings in this case were hastily commenced, yet I am not prepared, from all the evidence in the case, to say that they were instituted in bad faith"; also, the "decision"

says that "the questions of law presented on the trial were difficult, and in some respects serious, and their solution by no means an easy matter." A case presenting issues of a "serious" and "difficult" character, and occupying many days in trial, in which a nonsuit was refused, must have afforded some grounds to the judgment of the executor for its institution and prosecution. If the prosecution were without merit, it would seem inequitable to cast the defense in any costs; but Judge Hunt decided, for the reasons suggested, to wit, the difficulty and seriousness of the questions, to apportion the costs of that action.

The questions here argued with great elaboration by counsel for contestants seem to me disposed of by the department presided over by Judge Hunt, in which the suit of Wright v. Dudley was determined.

As to the haste with which the suit was brought: It was the duty of the executor to proceed with diligence, as delay might have incurred the loss of property by enabling the grantee to part with it to a purchaser who could not be pursued.

The court considers that the action of Wright v. Dudley was begun and carried on by the plaintiff executor as a duty, and that the expenses incurred and obligations assumed were contracted in good faith. An executor acting in good faith is entitled to the aid of counsel in all litigation concerning the estate: Code Civ. Proc., sec. 1616.

It being the duty of a representative to defend the estate against claims, or to prosecute suits upon claims, which he believes should be defended or prosecuted, in the exercise of his honest judgment, he should be reimbursed, even though the suit be lost: Re Miller, 4 Redf. 304.

Mr. McCutchen having appeared in the litigation at the instance of the executor, and having rendered service, is entitled to be considered in this connection: Estate of Simmons, 43 Cal. 543.

The second objection and exception is overruled and denied.

2. "The Exhibit and Account" of May 3, 1884:

The paper indorsed "Exhibit and Account of Executors," filed May 3, 1884, does not operate an estoppel upon the executor, nor does the "Order Settling Exhibit and Account," filed May 16, 1884, give a dignity to that paper to which it is not inherently entitled. The items thereof may now be impeached. If counsel deem it necessary, let the order settling it be set aside.

3. "The Exhibit and Account of Executor," filed August 19, 1884:

I understood from his remarks upon the hearing that the presentation of this paper by the executor was "experimental," merely to raise the points as to whether he had any claims to include in an account. Let him now, therefore, under the instruction of this opinion as to his powers, duties and rights, prepare and file an account of his administration from the beginning, and, when such account is presented and filed, a day will be set for the hearing, or the account sent to a referee, as to the respective counsel may seem expedient.

The prayer of the "Petition and Report accompanying Exhibit and Account" should be formally denied, with leave to the executor to file a first and final account, as indicated in the foregoing opinion.

### OPINION ON SECOND APPLICATION.

The argument of the counsel, Mr. Titus, in regard to the compensation of the attorney for the minor heir in the trial of Wright v. Dudley, has convinced this court that it is not competent to consider such claim under section 1718, Code of Civil Procedure, and that the attorney's remuneration must be restricted to probate proceedings. As attorney for minor heirs, there is no authority in the court to allow him for services rendered in the action of Wright v. Dudley; and for the services he did render, he must look to the executor. However harsh this may seem, I am satisfied, upon reargument and reflection, that it is the law.